UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH A. FARHAT,

    Petitioner,

v.

PEOPLE OF THE STATE OF CA, et al.,

    Respondents.

Case No. 18-06055 BLF (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging probation revocation proceedings in Santa Clara County Superior Court. Petitioner has paid the filing fee.

**I. DISCUSSION**

According to the petition, Petitioner is currently confined at the Elmwood Complex in Santa Clara County. (Pet. at 1.) He indicates that he was sentenced to three years of probation on November 4, 2014, for corporal injury to spouse and a "GBI" (great bodily injury" enhancement. (*Id.* at 2.) Since filing this action, Petitioner has filed a "motion for order to stay of state court proceedings," requesting that the court order "a stay of all state court proceedings regarding case 214813 currently being held" Santa Clara County

1    Superior Court. (Docket Nos. 20, 22.) Petitioner states that his due process rights under
2    *Morrissey v. Brewer* and *Gagnon v. Scarpelli* are at stake. (*Id.*) These cases establish that
3    probationers are entitled to due process rights. *Morrissey v. Brewer*, 408 U.S. 471 (1972);
4    *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Based on these allegations, it appears that
5    Petitioner was released on probation for the 2014 conviction and is now back in custody
6    for pending probation revocation hearings. Petitioner also indicates that "sentence not
7    imposed yet." (Pet. at 5.) Petitioner has not appealed this matter to the state courts. (*Id*. at
8    5.)

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All three elements must be present. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed).

Abstention is appropriate here because all the elements of *Younger* are present. As to the first *Younger* element, it appears that Petitioner's state court proceedings are ongoing since he states that state court proceedings are "currently being held" and that he has not yet been sentenced. (Docket No. 20; Pet. at 5.) As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as a state administrative decision to revoke parole as in *Morrissey*, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason that Petitioner cannot pursue his constitutional claims in state court. Thus, *Younger* abstention is applicable here. In applying *Younger*, the Ninth Circuit has held that *Younger* abstention is only appropriate where the federal court action would have the same practical effect on the

2

state proceeding as a formal injunction. *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004). Here, although Petitioner does not indicate what specific relief he seeks, any injunctive relief provided by this court would have the practical effect of enjoining the state court proceedings.

Finally, although *Younger* abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury, *see Younger*, 401 U.S. at 45–46, 53–54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction), Petitioner fails to demonstrate that this is such a case. Petitioner has not proven harassment or made a showing that the revocation of probation was undertaken by state officials in bad faith. Accordingly, this Court will abstain and DISMISS the petition without prejudice. Petitioner's alleged constitutional violations are matters that can and should be addressed in the first instance by the state superior court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

Petitioner is advised that he should not file a new federal petition for a writ of habeas corpus unless and until he gets sentenced, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state high court a fair opportunity to rule on each of his claims.

Based on the foregoing, Petitioner's motions for a stay of state court proceedings are DENIED. (Docket Nos. 20, 22.) Petitioner's motion for discovery, (Docket No. 17), motion for production, (Docket No. 19), motions for expansion of the record, (Docket Nos. 21, 26), motion for order to appoint pro per jail liaison, (Docket No. 23), and motion for ruling, (Docket No. 31), are DENIED as moot by this dismissal.

## II. CONCLUSION

For the foregoing reasons, the petition is hereby **DISMISSED**. The dismissal is without prejudice to Petitioner's filing a new federal habeas petition once his state criminal

proceedings are completed and he has exhausted his state court remedies as to all claims he wishes to raise in federal court.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

Dated: January 22, 2019

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.18\06055Farhat_dism(abs)

4